NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL CARAWAY, | No. 18-35334 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00139-TJC |
| v. | |
| TOWN OF COLUMBUS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Argued and Submitted April 9, 2019
Seattle, Washington

Before: W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Plaintiff Paul Caraway, a former sergeant with the Columbus Police Department, appeals the district court's order granting summary judgment to the town, its Mayor, and its former chief of police (collectively, Defendants). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.    We review *de novo* the district court's order granting Defendants' motion for summary judgment on Caraway's § 1983 due process claims.[1] *See Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008).  "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).  To meet this requirement, the state must provide pre-termination notice with an explanation of its evidence, and an opportunity for the employee facing discharge to respond, either orally or in writing.  *See, e.g.*, *Matthews v. Harney Cty. Sch. Dist. No. 4*, 819 F.2d 889, 892 (9th Cir. 1987).

"[T]he existence of post-termination procedures is [also] relevant to the necessary scope of pretermination procedures." *Loudermill*, 470 U.S at 547 n.12.  In some cases, "the inadequacy of post-termination process may itself be the source of a distinct due process violation." *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 332 (9th Cir. 1995).  Ultimately, a reviewing court applies the flexible *Mathews v. Eldridge*, 424 U.S. 319 (1976), framework to determine how

---

[1]    The parties are familiar with the facts and arguments on appeal, so we do not recite them here.

much post-termination process is required in any given case.  *See Loudermill*, 470 U.S. at 543 (analyzing due process requirements in light of *Mathews*); *see also Armstrong v. Meyers*, 964 F.2d 948, 950 (9th Cir. 1992) (applying *Mathews* to determine sufficiency of post-deprivation process).

We have also recognized that the termination of a public employee that includes publication of stigmatizing charges triggers due process protections.  *See Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 573 (1972)).  If an employee's termination implicates this reputational liberty interest, "the employee must be given an opportunity to refute the stigmatizing charge." *Id.*  "Failure to provide a 'name-clearing' hearing in such a circumstance is a violation of the Fourteenth Amendment's due process clause." *Cox v. Roskelley*, 359 F.3d 1105, 1110 (9th Cir. 2004).

Caraway does not, for constitutional purposes, challenge the sufficiency of Defendants' pre-termination procedures.  We conclude that Caraway's statutory right to a post-termination hearing before the Columbus Police Commission—where he could have subpoenaed witnesses and testified publicly—affords adequate post-termination process.  *See* Mont. Code Ann. § 7-32-4164(2) (West 2019).  The process provided Caraway with an opportunity to

challenge his discharge and to clear his name. Because Caraway has not exercised his statutorily guaranteed post-termination procedure, he cannot now claim a violation of his due process rights, particularly because there is no statute of limitations on his right to seek review with the Police Commission. *See Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 969 (9th Cir. 2011).

2.      Montana's Wrongful Discharge from Employment Act (WDEA) provides that a discharge "is wrongful" if "the employer violated the express provisions of its own written personnel policy." Mont. Code Ann. § 39-2-904(1)(c) (West 2019). We conclude that Mayor Woltermann's absence from Chief Pronovost's pre-termination interview with Caraway did not violate an *express* provision of any of the Town of Columbus's written personnel policies. We considered Caraway's additional assertions of policy violations, but conclude that none are "directly linked" with Caraway's termination for purposes of the WDEA. *See Williams v. Plum Creek Timber Co.*, 264 P.3d 1090, 1097 (Mont. 2011).

      **AFFIRMED.**